PALOU & SOBRINO *v.* DUEÑO·ET AL.

APPEAL from the District Court of Humacao.

No. 366.—Decided June 25, 1909.

LEASE OF RURAL ESTATE—DAMAGES FOR SALE OF LEASED ESTATE.—In the case at bar the plaintiffs claim damages from the defendant because the latter had sold an estate he had leased them, before the expiration of the lease. The damages consist of three items, namely, one of $1,000 for keep of oxen and cattle at large on the leased lands for six months; another of $500 for product of 25 *cuerdas* of tobacco which they contemplated sowing on these lands, as was the custom of the lessees; and $1,000 for damages caused in the grinding of cane on the plantation of the plaintiffs, by reason of their having been deprived of sufficient pasture lands for the oxen on lands near the plantation. *Held:* That some of the aforesaid items were too unlikely and have not been borne out by the evidence, while the others were based on considerations too speculative and remote.

The facts are stated in the opinion.

*Mr. Vías Ochoteca* for appellants.

*Messrs. Hartzell and Rodríguez Serra* for respondents.

MR. JUSTICE WOLF delivered the opinion of the court.

Palou & Sobrino, an agricultural partnership of Juncos, filed a suit against Mrs. Guadalupe Dueño and her husband, Salvador Nicolau, for damages alleging that the appellees rented a farm to the firm of Palou & Sobrino, for the term of three years, and that before the expiration of that term the appellees sold the property to Mr. John B. Cobb without preserving the rights of the lessees and that the said Cobb had required them to vacate said farm six months prior to the expiration of the lease.

This action is brought by virtue of section 1474 of the Civil Code which reads as follows:

"The purchaser of a leased estate has a right to terminate the lease in force at the time of making the sale, unless the contrary is stipulated, the provision of the Mortgage Law.

"If the purchaser should make use of this right, the lessee may demand that he be permitted to gather the fruits of the crops corresponding to the current agricultural year and that he be indemnified by the vendor for the losses and damages he may have suffered."

The appellees admit that the appellants have a right to recover any damages they may have suffered but deny that any damages have been shown. The fourth clause of the complaint sets out the damages as follows:

| | |
|---|---:|
| For keep of oxen and cattle at range for six months_____ | $1,000 |
| Product of 25 *cuerdas* of tobacco which it was thought to sow in these lands according to the custom of the lessees_____ | 500 |
| Damages which were caused in the grinding of cane in the plantation of the complainants in the months of November and December, 1906, and January and February of 1907, by reason of having been deprived of sufficient lands in the neighborhood next to the plantation_____._____ | 1,000 |

There was no general claiming clause but appellants limited themselves to the specific damages set out in such fourth paragraph.

With respect to the first item of damages, namely, the keep of cattle on the leased lands for six months we agree with the appellees that there is no evidence in the record to show that during the time they were in possession of the estate Palou & Sobrino kept or cared for any cattle placed in their charge and it is not shown that they were in negotiations with other people to keep cattle during such time, even if such item of possible profit should not be considered too remote. The evidence moreover tended to show that all the cattle they had in their possession belonged to appellants themselves.

The second item, namely, for profits on tobacco that appellants might have made is manifestly too remote. Furthermore, the proof failed to show that they had taken any adequate means to prepare to plant tobacco. The presumption that follows from the judgment of the court below when the whole testimony is considered, is that appellants did not intend to do anything with the land beyond to keep their cattle here. It would seem, too, that 134 cattle on 150 *cuerdas* of land, as one of the witnesses testified, would tend to exhaust the possibilities of the land for tobacco.

The third item is founded on the fact that the appellants had to move their oxen a greater distance to reach their cane-grinding place, by reason of being ousted from the leased lands by which their harvest was affected. Some of the testimony tended to show that it would take about 10 to 17 minutes longer to go from "El Jobo" to which place their cattle it is alleged had been removed, than it took to go from the lands leased of the appellees. Experts were examined in their behalf. One of them testified that the loss sustained might or did amount to the sum of $8 or $9 per head of cattle, but the evidence does not disclose on what kind of data the experts arrived at their conclusions beyond the suggestions that appellants might not be able to grind all their cane. But it was

testified that there were days on which they did not grind. There is no proof that any cane went to waste or of the necessity of hiring additional help or of working overtime. This kind of consideration is too speculative and remote. There was some conflict on the evidence besides as to whether any oxen were located in the leased lands during their occupation by appellant and there was some doubt as to the number of such oxen. The court below did not see that the appellants had suffered any of the damages claimed. The record fails to show us that the court was mistaken in its consideration of the proof and the judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Figueras and MacLeary concurred.

Mr. Justice del Toro did not take part in the decision of this case